**KIRKPATRICK, Plaintiff, v. KIRKPATRICK, Defendant.**

Common Pleas Court, Licking County.

No. 40820. Decided June 28, 1956.

Glenn Kreider, Newark, for plaintiff.
Joseph P. Kinneary, Columbus, for Frances Carleen Barkoci.

## OPINION

By HOLTSBERRY, J.

On March 11, 1954, Dean Kirkpatrick was awarded a decree of divorce from Frances Kirkpatrick, and it was ordered by the Court that the custody, care and control of the three small minor children of the parties be confided to said Dean Kirkpatrick. The decree specifically contained the clause until further order of this Court.

At the time of the decree, and during the pendency of the suit and prior to its commencement, said minor children had resided with their father and paternal grandparents on a farm near Utica, in Licking County, Ohio. The mother's whereabouts were unknown and service was obtained pursuant to statute by publication.

Where a court has jurisdiction to hear and determine the application for divorce and where the minor children of the parties actually reside with plaintiff in said county where the petition is filed and the action is pending, the jurisdiction also extends to the determination of the custody of said minor children. (Black v. Black, 110 Oh St 392.)

Said minor children, following the award of custody, continued in the custody of their father at the grandparents' residence for some time, until the father's death. Following his death the mother appeared on the scene and took the children away.

Sec. 3109.06 R. C. provides in part: "In any case where a court of common pleas, or other court having jurisdiction, has made an award

of custody or an order for support, or both, of minor children, the jurisdiction of such court shall not abate upon the death of the person awarded such custody but shall continue for all purposes during the minority of such children, and the court, upon its own motion or the motion of either parent or of any interested person acting in behalf of the children, may proceed to make further disposition of the case in the best interest of the children, or if the children are under eighteen years of age, it may certify them, pursuant to this section to the juvenile court of any county for further proceedings, * * *"

The paternal grandparents of said minor children have filed motion herein to be made parties in this proceeding and after proper notice the Court permitted and allowed them to become parties. Said grandparents have made application to this Court for the custody of the children on the grounds that she is an unfit person. Effort to notify her of the pendency and hearing date on said application was attempted in two Ohio counties without success. When the new parties learned of the whereabouts of the mother in West Virginia, an affidavit was filed herein by the paternal grandmother stating that service could not be made of said notice in the State of Ohio, and pursuant thereto this Court, on March 6, 1956, made an order by journal entry, that notice of hearing and copy of application be issued to the Sheriff of Licking County, Ohio, ordering him to appoint and authorize the Sheriff of Brooke County, West Virginia, where said mother was residing, to serve said notice of hearing and copy of application with proper endorsement on the back of said notice and to make proof of said notice by affidavit, and the same to be returned to this Court with affidavit thereon. Pursuant to this command, the Licking County Sheriff on March 6, 1956, authorized and appointed Thomas Boyd, Sheriff of Brooke County, West Virginia, to serve the notice of hearing and copy of the application and make return thereof according to law. On March 28th, the Sheriff of Brooke County, West Virginia, by affidavit, stated that he served said Frances Carleen Kirkpatrick, by handing to her personally, a copy of the notice and application on March 28, 1956, and the return of the Sheriff of Licking County states that on March 31, 1956, the Sheriff of Brooke County, West Virginia, made return of said writ with the endorsements thereon.

Said Frances Carleen Kirkpatrick, now Frances Carleen Barkoci, through her attorney, has filed a motion herein to quash and set aside service of notice of hearing and application for custody of minor children, expressly and specifically refraining from entering her appearing in this action for any purpose other than to object to the jurisdiction of this Court over her person. The consideration and decision on this motion is the only matter now before this Court.

Counsel for said mother strongly relies on the case of **Vida v. Vida, 86 Oh Ap 139.** Counsel contends that §2309.69 R. C., providing that service of a notice shall be made as required for the service of a summons is a controlling statute herein, and that this section, together with the related code section provided services of notice as construed and interpreted in the Vida Case requires this Court to quash the service of notice.

A question on a motion to quash service in a somewhat similar situa-

tion, but pertaining to alimony arose recently in Franklin County, wherein that Court of Appeals sustained the trial court's finding that it had jurisdiction of the person of the defendant where notice was given by registered mail in Connecticut pursuant to rule and order of the Franklin County court. In said case the Court of Appeals for Franklin County found that its judgment was in conflict with a judgment rendered by another Court of Appeals in the case of **Vida v. Vida, 86 Oh Ap 139,** on the same question, and certified the record to the Ohio Supreme Court for review and final determination. On April 18, 1956, in **Van Divort v. Van Divort, 165 Oh St 141,** our Supreme Court decided this matter and handed down a decision which should result in a landmark in such cases. In fact, an obstruction of some years duration has been blasted from the trail of progress by our Supreme Court's practical and logical reasoning in the Van Divort Case.

The Supreme Court in practical application has said that mere technicalities, where no substantial rights are transgressed or parties prejudiced, should never be permitted to barricade a trial court's continuing interest to insure the present and future welfare of its wards— the innocent parties of the broken home.

The Supreme Court quotes with approval 2 Nelson on Divorce and Annulment (2 Ed.) 457 and 458 Section 17.22.

"An application to change or modify alimony or support money is generally regarded as incidental to, and a step in the original suit * * *. It has been declared that the welfare of minor children is of so much concern to the public that the court probably can, if it sees fit, act on its own motion, whenever it comes to its attention in any manner that the children of divorced parents are in want, to require additional maintenance."

At page 144 of the Van Divort Case our Supreme Court states that "Under the continuing jurisdiction of the court in such an action, the filing of a motion for modification of the decree for support is not the institution of a new or original proceeding but of one ancillary and incidental to the original action." No new service of summons on a party is necessary to give the court jurisdiction to make further orders as to minor child support. The party remains subject to the jurisdiction of the court in that regard, without reference to the place of his residence or further steps to acquire jurisdiction of his person."

It is stated in 17 American Jurisprudence, 520, Section 686, that "In such cases, the jurisdiction so acquired will be regarded as furnishing the scintilla of jurisdiction necessary in the subsequent proceeding for the modification of the original decree."

The question remains what summons or notice must be given to the opposite party of a motion or application to modify a former order with respect to custody or support. This Court must conclude that there is no provision in the statutory law of this State for any method of notice in such cases as the instant case and that the method and sufficiency of the notice given must therefore be left to the sound discretion of the court. The authority for such statement is found in the conclusion reached in paragraph 3 on page 145 of the Van Divort Case.

18

The record herein shows and the Court finds that the service of notice was in compliance with the Court order, and was personally received, and therefore, the notice was sufficient to give this Court further continuing jurisdiction to hear the application to modify custody.

The motion to quash and set aside the service of notice of hearing and application is overruled. Exceptions allowed.